**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**


**INNOCOR, INC.**                                                                    **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 1:18-cv-80-SA-DAS**

**L&J PRODUCTS & SALES, INC.,**
**NORTH CAROLINA FOAM AND SALES, INC.,**
**KEN LOCKHART, AND LARRY JACKSON**                              **DEFENDANTS**


## ORDER DENYING MOTION TO STAY

Before the Court is defendant Larry Jackson's Motion to Stay Proceedings Pending Resolution of Motion to Dismiss.[1] Briefing on the issue has closed, and the Court finds as follows:

"[A] trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion." *Corwin v. Marney, Orton Invs.,* 843 F.2d 194, 200 (5th Cir. 1988). However, "such a stay is the exception rather than the rule." *Beasley v. Lang*, 2018 WL 2072856, at n.3 (S.D. Miss. May 2, 2018). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. [12(c)] would stay discovery, the Rules would contain a provision to that effect." *Id.* (citations omitted). In determining whether to grant such a stay, the Court looks to the following factors: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Griffin v. American Zurich Ins. Co.,* 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015).

As grounds for staying the case, Jackson asserts that "[w]ere this Court to grant Mr. Jackson's Motion to Dismiss, all of Innocor's claims against Mr. Jackson would likewise be

---

[1] Pending before the Court is Jackson's [55] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c) (judgment on the pleadings) as well as an identical motion and joinder [57] filed by defendants North Carolina Foam and Sales, Inc. and Ken Lockhart.

disposed of, which would allow Mr. Jackson to avoid undue effort and expense of discovery." Jackson speculates that Innocor's "discovery requests *may* relate to a span of several years prior to the event from which this transaction arose and would create an undue burden and expense upon Mr. Jackson."[2] As plaintiff notes, no discovery had been served on Jackson at the time of his motion to stay,[3] and any assertion that unserved discovery will created an undue burden or expense is conjecture. Jackson makes no argument regarding the merits of his motion to dismiss, and thus he has failed to satisfy this Court that good cause exists to stay discovery in this case.

IT IS, THERFORE, ORDERED that Jackson's [58] Motion to Stay is DENIED.

SO ORDERED, this the 15th day of May, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[2] [58] Motion to Stay at *2 (emphasis added).
[3] Jackson filed his motion to stay on April 29, 2019. Innocor filed its notice of service of first set of interrogatories and request for production to Larry Jackson on May 14, 2019.