IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

INNOCOR, INC                                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 1:18-CV-80-SA-DAS

L&J PRODUCTS & SALES, INC.,
NORTH CAROLINA FOAM AND SALES,
INC., KEN LOCKHART, and LARRY
JACKSON                                                         DEFENDANTS

ORDER GRANTING DEFAULT JUDGMENT

Now before the Court is Plaintiff's Motion [29] for Default Judgment as to L&J Products & Sales, Inc. The Court has considered the Motion and relevant authorities, and finds as follows:

*Factual and Procedural Background*

Plaintiff Innocor, Inc. filed an action against Defendants L&J Products & Sales, Inc., North Carolina Foam and Sales, Inc., Ken Lockhart, and Larry Jackson, individually, stemming from Plaintiff's previous business relationship with the Defendants. In its First Amended Complaint [22], Plaintiff alleges that Defendant L&J Products & Sales, Inc. frequently bought polyurethane foam from Plaintiff, that Defendant L&J opened a line of credit with Plaintiff, and that there remains a balance due from Defendant L&J to Plaintiff in the amount of $2,150,676.43. The seven count Complaint includes claims for: (1) breach of contract; (2) liability under Mississippi Code Annotated section 11-53-81 – Open account/attorney's fees statute; (3) price and incidental damages under the Mississippi Uniform Commercial Code; (4) piercing the corporate veil as to Defendant Lockhart; (5) piercing the corporate veil as to Defendant Jackson, (6) fraudulent conveyance; and (7) continuity of enterprise/successor liability.

On September 18, 2018, the Clerk of Court entered a default against Defendant L&J due to Defendant's failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. *See* Entry of Default [26]. Now before the Court is Plaintiff's Motion [29] for Default Judgment. Plaintiff requests $2,150,675.43 in compensatory damages, pre-judgment interest from the date of each sale, post-judgment interest from the date of judgment, attorney's fees, costs, and expenses.

*Default Judgment Standard*

Default judgments are generally disfavored. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). However, Federal Rule of Civil Procedure 55 permits a court, upon motion by the plaintiff, to enter default judgment against a defendant who fails to plead. FED. R. CIV. P. 55(b)(2). A default judgment is not "an absolute confession by the defendant on his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co. v. Houston Natl'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Instead, the Court must consider whether the unchallenged facts support the relief sought prior to entering a default judgment. *Id.* A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206). Under Rule 55(b)(2)(C), the Court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

*Discussion and Analysis*

A. Sufficiency of Claims for Default Judgment

According to Plaintiff's First Amended Complaint [22], after subtracting all credit due for payments made on Defendant L&J's account, there remains a balance due from Defendant L&J to

Plaintiff in the amount of $2,150,676.43. Plaintiff also claims that it sent Defendant L&J itemized monthly statements of the amount owed and that Defendant L&J was aware of the exact amount owed. Additionally, Plaintiff claims that Defendant L&J repeatedly represented that it would pay its outstanding and delinquent balance, that Defendant L&J failed to pay its balance, and that Defendant Lockhart subsequently shut down Defendant L&J's operations and conveyed its assets to Defendant NCFS which began operating with Defendant L&J's assets and accounts.

First, Plaintiff's allegations that Defendant L&J failed to pay its outstanding balance of $2,150,676.43 are sufficient to state a claim for breach of contract. *See T.C.B. Construction Co. v. W.C. Fore Trucking, Inc.*, 134 So. 3d 701, 705 (Miss. 2013) (finding that unpaid invoices constituted liability for breach of contract when the defendant failed to compensate plaintiff for performed work). Second, L&J's unpaid balance is sufficient to state a claim for attorney's fees under Mississippi Code Annotated section 11-53-81. *See Knights Marine & Indus. Serv., Inc. v. Gulfstream Enter., Inc.*, 216 So. 3d 1164, 1169-70 (Miss. Ct. App. 2017) (finding evidence that plaintiff performed the work for which it was hired, along with evidence of the date of purchase, kind of goods, quantity, and price, sufficient for an award for compensatory damages, pre-judgment interest, post-judgment interest, and attorney's fees under Miss. Code. Ann. § 11-53-81). Third, Plaintiff's allegations are sufficient to state a claim under Mississippi Code Annotated section 75-2-709, the Mississippi Uniform Commercial Code section establishing a cause of action for price. Under this section, a seller may recover "the price of goods accepted" by a buyer who fails to pay the price. *See* MISS. CODE ANN. § 75-2-709.

Plaintiff's allegations are not sufficient, however, to support a claim for incidental damages under Mississippi Code Annotated section 75-2-710 because compensatory damages cover the purchase price of the goods it sold to Defendant L&J. Under section 75-2-710, the Court may

3

award incidental damages for reasonable charges "in connection with return or resale of the goods or otherwise resulting from the breach." Because Plaintiff requests claim for compensatory damages covers the purchase price under the open-account, return and/or resale of the goods is not required, and section 75-2-710 would not apply.

B. Pre-Judgment Interest

Here, Plaintiff requests pre-judgment interest from the date of each sale. Interest on judgments is governed by Mississippi Code Annotated section 75-17-7:

> All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.

Under Mississippi law, "An award of pre-judgment interest is not rationally made 'where the principal amount has not been fixed prior to judgment.'" *Knights Marine*, 216 So. 3d at 1170-71 (quoting *Stanton & Assoc., Inc. v. Bryant Constr. Co.*, 464 So. 2d 499, 504 (Miss. 1985)). When the account at issue is an unwritten contract constituting an open account, pre-judgment interest is appropriate if the debt was liquidated. *Id.* at 1171 ("Here, the parties were operating under an open account, a type of unwritten contract; thus, [plaintiff] should be granted pre-judgment interest if [defendant's] debt was liquidated."). A debt is liquidated when it is "agreed on by the parties, readily determinable or fixed by operation of law." *Id.* In *Knights Marine*, the Mississippi Court of Appeals affirmed a pre-judgment award at eight percent per annum but remanded for computation from the date the defendant failed to pay the purchase-order invoices. *Id.* at 1170.

In this case, Plaintiff's First Amended Complaint [22] indicates Plaintiff sold and delivered products to Defendant L&J, meaning this judgment is founded on a "sale or contract" for the purposes of Mississippi Code Annotated section 75-17-7. Exhibit 1 to Plaintiff's First Amended

4

Complaint [22] is a detailed account of each credit and debit to the open account and supports the finding that the remaining balance due from Defendant L&J to Plaintiff is $2,150,676.43. Awarding pre-judgment interest is appropriate here because the amount is readily determinable and thus a liquidated debt. *See Knights Marine*, 216 So. 3d at 1171 (finding that pre-judgment interest is appropriate if the debt was liquidated). According to Exhibit 2 of Plaintiff's First Amended Complaint [22], Plaintiff informed Defendant L&J that it would refer the collection matter to an outside collection agency unless Defendant L&J paid its outstanding balance of $2,150,676.43 by January 2, 2018. Therefore, pre-judgment interest is to be calculated at eight percent per annum from January 2, 2018 up to the date of judgment – that amount is $244,646.81.

C. Post-Judgment Interest

Mississippi Code Annotated section 75-17-7 also informs the Court on its authority to award post-judgment interest. *See Bluewater Logistics, LLC v. Williford*, 55 So. 3d 148, 164 (Miss. 2011) ("[I]nterest on judgments must be awarded 'at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.'"). Here, the Court finds it reasonable to award Plaintiff post-judgment interest of the unpaid balance at eight percent per annum from the date of judgment.

*Conclusion*

Plaintiff's Motion [29] for Default Judgment as to Defendant L&J is well-supported by the evidence in the record that Defendant L&J is in breach of contract and liable under Mississippi Code Annotated section 11-53-81 for its unpaid balance due to Plaintiff of $2,150,676.43. Based on the authorities surrounding this issue, Plaintiff's Motion [29] for Default Judgment as to L&J Products & Sales, Inc. is GRANTED. The Court awards Plaintiff $2,150,676.43, plus pre-judgment interest, post-judgment interest, and reasonable attorney's fees

It is SO ORDERED, on this the 5th day of June, 2019.

      /s/ Sharion Aycock
    UNITED STATES DISTRICT JUDGE